# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**ALBERT MITCHELL**                                                   **CIVIL ACTION**

**VERSUS**                                                                        **NO.  16-13433**

**W.S. McCAIN, WARDEN**                                         **SECTION "S"(4)**

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**.  Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

## I.    Factual Background

The petitioner, Albert Mitchell ("Mitchell"), is a convicted inmate incarcerated in the B.B. "Sixty" Rayburn Correctional Center in Angie, Louisiana.[2]  On September 27, 2007, Mitchell was charged by Bill of Information in Jefferson Parish with one count of being a felon in possession of a weapon and one count of possession of cocaine.[3]  He apparently also was separately charged

---

[1]Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 1.

[3]St. Rec. Vol. 1 of 4, Bill of Information, 9/27/07.

with a misdemeanor count of possession of marijuana.[4]  Mitchell entered pleas of not guilty to the felony charges on October 9, 2007.[5]

The record reflects that, on August 31, 2007, as part of a federal grant called "Project Safe Neighborhood," Jefferson Parish Narcotics Detective Harold Bourgeois, Sergeant Todd Vignes, and Lieutenant John Ladd were patrolling for street-level narcotics in the Bunch Village area of Jefferson Parish, a federally designated high crime and drug trafficking area.[6]  The officers were riding in an unmarked Ford Explorer and wearing jeans, sheriff's office t-shirts, and bulletproof vests.  They followed a white F-150 Ford truck that was the target of a drug investigation.  The officers saw that the driver of the truck disregarded a stop sign, and Detective Bourgeois turned on the siren and lights and stopped the truck for the violation.

As the three officers approached the truck, Detective Bourgeois saw the driver, later identified as Mitchell, bend down toward the floorboard of the truck.  Detective Bourgeois became concerned that Mitchell was reaching for a weapon or attempting to conceal contraband.  He ordered Mitchell to get out of the truck "with his hands high," and Mitchell complied.  Detective Bourgeois, still concerned that Mitchell may have a weapon, observed that one of Mitchell's hands was clenched in a fist.  The detective ordered Mitchell to open his hands. Mitchell initially refused, and then opened his hand to reveal a clear plastic bag filled with off-white, rock-like objects which

---

[4]*State v. Mitchell*, 40 So.3d 1122, 1123-24 (La. App. 5th Cir. 2010); St. Rec. Vol. 2 of 4, 5th Cir. Opinion, 09-KA-996, p. 2-3, 5/25/10.

[5]St. Rec. Vol. 1 of 4, Minute Entry, 10/9/07.

[6]The facts were taken from the published opinion of the Louisiana Fifth Circuit Court of Appeal on direct appeal.  *Mitchell*, 40 So.3d at 1122; St. Rec. Vol. 2 of 4, 5th Cir. Opinion, 09-KA-996, 5/25/10.

later proved to be cocaine.  Detective Bourgeois also smelled the scent of marijuana on Mitchell's clothing and in the truck.

After Mitchell was placed under arrest, Lieutenant Ladd conducted a search of the F-150, and found a partially smoked cigar containing green vegetable material, which was consistent with and subsequently determined to be marijuana.

On May 20, 2009, Mitchell was tried before a jury on count two, possession of cocaine, and found guilty as charged.[7]  The trial judge also considered the evidence presented at the same trial and found Mitchell guilty of misdemeanor possession of marijuana.[8]  Mitchell eventually entered a plea of guilty to count one, felon in possession, and was sentenced to serve ten years in prison at hard labor.[9]

At a hearing held on June 25, 2009, the Trial Court denied Mitchell's motions for a new trial on the possession of cocaine charge.[10]  The Trial Court sentenced Mitchell to five years in prison for possession of cocaine and six months in parish prison for misdemeanor possession of marijuana.[11]  The State thereafter filed a multiple bill charging Mitchell as a fourth felony offender as to count two, possession of cocaine.[12]

---

[7]St. Rec. Vol. 1 of 4, Trial Minutes, 5/20/09; Trial Transcript, 5/20/09; Supplemental Trial Transcript, 5/20/09; Jury Verdict, 5/20/09.

[8]*Mitchell*, 40 So.3d at 1122; St. Rec. Vol. 2 of 4, 5th Cir. Opinion, 09-KA-996, 5/25/10.

[9]St. Rec. Vol. 2 of 4, Plea Minutes, 5/4/10; Acknowledgement and Waiver of Constitutional Rights - Guilty Plea, 5/4/10.

[10]St. Rec. Vol. 1 of 4, Sentencing Minutes, 6/25/09; Trial Court Order, 6/25/09; Motion for New Trial, 6/25/09; Sentencing Transcript, 6/25/09.

[11]St. Rec. Vol. 1 of 4, Sentencing Minutes, 6/25/09; Sentencing Transcript, 6/25/09.

[12]St. Rec. Vol. 1 of 4, Sentencing Minutes, 6/25/09; Multiple Bill, 6/25/09.

At a hearing held on February 3, 2010, the Court adjudicated Mitchell to be a fourth felony offender, and resentenced Mitchell on count two as a fourth offender to serve forty years in prison.[13]

On direct appeal from the conviction for possession of cocaine, Mitchell's appointed counsel asserted that the State failed to present sufficient evidence to support the conviction.[14]  On May 25, 2010, the Louisiana Fifth Circuit affirmed Mitchell's conviction and sentence finding no merit in the claim.[15]

The Louisiana Supreme Court denied Mitchell's related writ application without stated reasons on October 21, 2011.[16]  Under federal habeas law, Mitchell's conviction and sentence became final ninety (90) days later, on January 19, 2012, because he did not file an application for writ of certiorari with the United States Supreme Court.  *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)); U.S. S. Ct. Rule 13(1).

Over one year and eight months later, on September 23, 2013, Mitchell signed and submitted an application for post-conviction relief to the state trial court asserting the following

---

[13]St. Rec. Vol. 2 of 4, Hearing Minutes, 2/3/10; Sentencing Minutes, 2/3/10.

[14]St. Rec. Vol. 1 of 4, Appeal Brief, 09-KA-996, 1/4/10.

[15]*Mitchell*, 40 So.3d at 1122; St. Rec. Vol. 2 of 4, 5th Cir. Opinion, 09-KA-996, 5/25/10.  The Court also notified Mitchell of the delays for seeking post-conviction relief, noting that the state trial court had failed to do in spite of its minute entry.  The Court also directed the state trial court to correct its sentencing minutes.

[16]*State ex rel. Mitchell v. State*, 73 So.2d 370 (La. 2011); St. Rec. Vol. 2 of 4, La. S. Ct. Order, 2010-KH-1557, 10/2/11; St. Rec. Vol. 4 of 4, La. S. Ct. Writ Application, 10-KH-1557, 7/2/10 (dated 6/26/10).  Although Mitchell appears to have submitted this pleading untimely under La. S. Ct. Rule X§5, he included a request for an extension which appears to have been accepted and filed by the clerk of that court.  St. Rec. Vol. 4 of 4, La. S. Ct. Application for Extension, 7/2/10.  The record does not indicate if any action was taken on the request and the State does not address it.  Affording Mitchell every benefit of a liberal reading of the record, the petition is treated as if considered timely filed.

grounds for relief:[17] (1) the conviction was obtained following an illegal search and seizure done without probable cause; and (2) he was denied effective assistance of counsel when counsel failed to file a motion to quash the bill of information based on lack of probable cause.  After receiving a response from the State, the Trial Court denied the application finding that the first claim was procedurally barred from review under La. Code Crim. P. art. 930.4(C) because it could have been and was not raised on direct appeal and finding the second claim was without merit under *Strickland v. Washington*, 466 U.S. 668 (1984).[18]

The Louisiana Fifth Circuit denied Mitchell's related writ application on July 18, 2014, for the same reasons given by the state trial court.[19]  The Louisiana Supreme Court also denied Mitchell's subsequent writ application without stated reasons on June 19, 2015.[20]

## II.      Federal Habeas Petition

On July 28, 2016, the clerk of this Court filed Mitchell's petition for federal habeas corpus relief in which he asserted three grounds for relief:[21] (1) the state trial and appellate courts erred in denying him post-conviction relief under La. Code Crim. P. art. 930.4(C) and the Louisiana Supreme Court issued a one word denial without addressing the merits of his claims; (2) the conviction was obtained after an illegal search and seizure done with probable cause; and (3) he

---

[17]St. Rec. Vol. 3 of 4, Uniform Application for Post-Conviction Relief, 9/25/13 (dated 9/23/13).

[18]St. Rec. Vol. 3 of 4, Trial Court Order, 5/23/14; State's Response, 11/22/13; Trial Court Order, 11/12/13.

[19]St. Rec. Vol. 3 of 4, 5th Cir. Order, 14-KH-483, 7/18/14; St. Rec. Vol. 4 of 4, 5th Cir. Writ Application, 14-KH-483, 7/2/14 (dated 6/30/14).

[20]*State ex rel. Mitchell v. State*, 171 So.3d 958 (La. 2015); St. Rec. Vol. 3 of 4, La. S. Ct. Order, 2014-KH-1809, 6/19/15; La. S. Ct. Letter, 2014-KH-1809, 8/25/14; St. Rec. Vol. 4 of 4, La. S. Ct. Writ Application, 14-KH-1809, 8/25/14 (postmarked 8/21/14).

[21]Rec. Doc. No. 1.

received ineffective assistance of counsel when counsel failed to move to quash the bill of information.

The State filed a response in opposition to the petition asserting that the petition was not timely filed.[22]  Alternatively, the State argues that the first claim is not cognizable on federal habeas review, the second claim is procedurally barred from review, and the third claim is without merit.

In his reply to the State's response, Mitchell contends that his petition should not be considered untimely due to his efforts to get copies of transcripts and other documents before seeking state post-conviction relief.[23]  He also argues that he is entitled to review of his Fourth Amendment and ineffective assistance of counsel claims.

## III.   General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[24] applies to this petition, which is deemed filed in this Court under the federal mailbox rule on July 12, 2016.[25]  The threshold questions on habeas review under the amended

---

[22]Rec. Doc. No. 5.

[23]Rec. Doc. No. 7.

[24]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)).  The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments.  Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law.  *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[25]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Mitchell's petition on July 28, 2016, when it was received with the filing fee.  Mitchell dated his signature on the form petition on July 12, 2016.  This is the earliest date appearing in the record on which he could have delivered the package of pleadings to prison officials for mailing to a federal court.  The fact that he paid the filing fee does not alter

statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and the claims must not be in "procedural default." *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

As indicated above, the State contends that Mitchell's petition was not timely filed, and one of his claims is in procedural default. While both defenses have merit, the limitations defense is dispositive of Mitchell's petition. For the reasons that follow, Mitchell's petition was not timely filed under federal law and should be dismissed for that reason.

## IV.    Statute of Limitations

The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final.[26] *Duncan v. Walker*, 533 U.S. 167, 176-80 (2001). As calculated above, Mitchell's conviction was final under federal law on January 19, 2012. Pursuant to § 2244, Mitchell had one year from that date, or until January 18, 2013, to timely file a federal application

---

the application of the federal mailbox rule to his pro se petition. See *Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002) (mailbox rule applies even if the filing fee is not paid at time of mailing) (citing *Spotville*, 149 F.3d at 376).

[26]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. 28 U.S.C. § 2244(d).

for habeas corpus relief which he did not do.  Thus, literal application of the statute would bar Mitchell's petition as of that date unless he is entitled to tolling as provided for under the AEDPA.

### A.    Statutory Tolling

Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.  *See* 28 U.S.C. § 2244(d)(2).  In order for a state post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing.  *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Williams v. Cain*, 217 F.3d 303, 306-08 & n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 468-69 (5th Cir. 1999), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999).  For purposes of the AEDPA, a timeliness calculation in Louisiana requires the application of the prison mailbox rule to state pleadings.  *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006).  The Court has applied this rule in presenting the procedural history recited above.

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'"  *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999)) (finding that a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition.

8

*Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (finding that a state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 264 F.3d 310, 316 (3d Cir. 2001), *overruled on other grounds by Carey*, 536 U.S. 214 (finding that a motion to withdraw a guilty plea is "other collateral review").   A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition.   *Godfrey v. Dretke*, 396 F.3d 681, 687-88 (5th Cir. 2005).

However, requests for documents and transcript copies like those pursued by the petitioner in the state courts are not "other collateral review" for purposes of the tolling calculation.  *Osborne v. Boone*, 176 F.3d 489, 1999 WL 203523, at *1 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcript copies is not "other collateral review" for tolling purposes); *Brown v. Cain*, 112 F. Supp. 2d 585, 587 (E.D. La. 2000), *aff'd*, 239 F.3d 365 (5th Cir. 2000); *Gerrets v. Futrell*, No. 01-3080, 2002 WL 63541, at *1 (E.D. La. Jan. 16, 2002) (Vance, J.); *Jones v. Johnson*, No. 01-0115, 2001 WL 1006062, at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts); *Grayson v. Grayson*, 185 F. Supp. 2d 747, 751-52 (E.D. Mich. 2002) (delay in receipt of transcript not required to file the application, does not warrant equitable tolling).

In the instant case, the AEDPA filing period began to run on January 20, 2012, the day after Mitchell's conviction and sentence were final under federal law.  The State's reference to finality under state law is misplaced and irrelevant to a timeliness calculation under the AEDPA.

The one-year AEDPA filing period continued to run from that date without interruption for 365 days, until January 18, 2013, when it expired.  Mitchell had no properly filed state application for post-conviction or other collateral review pending during that time.  As referenced above, his efforts to obtain document and transcripts copies were not post-conviction or other collateral review and do not afford him any tolling benefit under the AEDPA.  His only state post-conviction application was submitted to the state trial court over eight months later on September 23, 2013.  This filing was made well after the expiration of the AEDPA one-year filing period and did not renew the AEDPA filing period or provide him any tolling benefits.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000); *Higginbotham v. King*, 592 F. App'x 313, 314 (5th Cir. 2015).  Thus, Mitchell's federal petition was not timely filed.

### B.  No Equitable Tolling

The post-AEDPA jurisprudence also provides for equitable tolling where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus.  *Pace*, 544 U.S. at 418; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999).  Equitable tolling is warranted <u>only</u> in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights.  *Pace*, 544 U.S. at 418-19; *see Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002).

Equitable tolling has only been extended under extraordinary circumstances outside the control of the petitioner.  *See Holland v. Florida*, 560 U.S. 631, 652-53 (2010) (finding that equitable tolling was warranted where attorney was more than negligent when he failed to satisfy

10

professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); *Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009) (finding that equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); *United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (finding that tolling was warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) ("A garden variety claim of excusable neglect does not support equitable tolling.") (quotation omitted); *Fisher*, 174 F.3d at 715 (finding that tolling is not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, 162 F.3d at 300 (finding that State's alleged failure to appoint competent habeas counsel did not justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended the deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

Mitchell has not presented, and the record does not demonstrate, any basis for extending the extraordinary remedy of equitable tolling to the § 2244(d) calculation. The record does not contain any of the extraordinary circumstances previously recognized by the precedent cited above that would warrant equitable tolling. The record instead reflects simply that the petitioner did not timely pursue federal habeas relief. There is no basis for equitable tolling in this case.

Thus, Mitchell's federal petition deemed filed on July 12, 2016, which was over three and one-half years after the AEDPA filing period expired on January 18, 2013, was not timely filed in this Court and must be dismissed for that reason.[27]

## V.   Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Mitchell's petition for the issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

---

[27]Should it be argued to a reviewing Court, Mitchell is not entitled to rely on the United States Supreme Court's holdings in *Martinez v. Ryan*, __ U.S. __, 132 S. Ct. 1309 (2012) and *Trevino v. Thaler*, __ U.S. __, 133 S. Ct. 1911 (2013), as an excuse to allow review of this untimely filed federal petition which includes an ineffective assistance of trial counsel claim.

In *Martinez*, the Court held that a state court imposed "'procedural default' will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [State's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.'" *Trevino*, 133 S. Ct. at 1915 (quoting *Martinez*, 132 S. Ct. at 1320) (emphasis added). The bar to review at issue in this case arises from Mitchell's failure to meet the federal limitations deadline under the AEDPA. The *Martinez* and *Trevino* decisions do not address or provide an excuse for the untimely filing of a federal habeas petition. *See, Arthur v. Thomas*, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the *Martinez* rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period."); *Smith v. Rogers*, No. 14-0482, 2014 WL 2972884, at * 1 (W.D. La. Jul. 2, 2014) (Order adopting Report); *Falls v. Cain*, No. 13-5091, 2014 WL 2702380, at *3 (E.D. La. Jun.13, 2014) (Order adopting Report).

These cases also do not constitute new rules of constitutional law made retroactive on collateral review that would start a new one-year filing period under the AEDPA. *See, In re Paredes*, 587 F. App'x 805, 813 (5th Cir. 2014) ("... the Supreme Court has not made either *Martinez* or *Trevino* retroactive to cases on collateral review, within the meaning of 28 U.S.C. § 2244."); *Adams v. Thaler*, 679 F.3d 312, 322 n.6 (5th Cir. 2012). For these reasons, neither *Martinez* nor *Trevino* provide this petitioner a basis for relief from his failure to meet the AEDPA's limitations period.

result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.

1996).[28]

      New Orleans, Louisiana, this 8th day of December, 2016.

_____

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[28]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.